UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBORA A. SILER,<br><br>Defendant. | Criminal No. 25cr10347<br><br>Violation:<br><br>Count One: Bank Fraud<br>(18 U.S.C. § 1344)<br><br>Bank Fraud Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(A)) |

INFORMATION

At all times relevant to this Information:

1. Defendant DEBORA A. SILER ("SILER") was an individual who resided in Massachusetts.

2. The Social Security Administration ("SSA") was a federal agency of the United States that administered the Old-Age ("Retirement Benefits"), Survivors, and Disability Insurance Program under the authority of Title II of the Social Security Act of 1935, as amended (42 U.S.C. §§ 401-433).

3. The Retirement Benefits program paid monthly cash benefits to beneficiaries who had worked and paid taxes to the SSA. To be eligible for monthly cash benefits, the beneficiary must have reached the age of 62. To have been eligible to receive monthly benefits, the beneficiary must have been alive for the entirety of the prior month.

4. E.C. was born in 1930 and began to receive SSA Retirement Benefits in 2001.

5. E.C. had a checking account at Bank of America ending in -9408 (the "-9408 account"), and had directed the SSA to deposit her Retirement Benefits in the -9408 account. E.C. was the only authorized user on the -9408 account. E.C. also had a savings account at Bank

of America ending in -0726 (the "-0726 account"), which was linked to the -9408 account in instances of overdrafts when the -9408 account had insufficient funds.

6. Bank of America was a financial institution with offices located in the District of Massachusetts, the accounts of which were insured by the Federal Deposit Insurance Corporation.

7. On or about May 16, 2015, E.C. died in Massachusetts.

8. At the time of E.C.'s death, SILER resided with E.C. in Massachusetts and had access to her checkbook and debit card associated with the -9408 account.

## The Scheme to Defraud

9. SILER failed to report E.C.'s death to the SSA and Bank of America.

10. Beginning on or about June 1, 2015 through September 8, 2020, SILER engaged in a scheme to defraud and obtain money and property under the custody and control of Bank of America by means of false and fraudulent pretenses. After E.C.'s death, SILER forged E.C.'s signature on several checks and regularly depleted the SSA Retirement Benefits and other funds deposited into the -9408 account intended for E.C. by using E.C.'s debit card within the District of Massachusetts.

11. From on or about June 1, 2015 through March 30, 2020, the SSA paid approximately $61,739.00 in benefits on behalf of E.C. that were deposited into the -9408 account and spent by SILER pursuant to the scheme.

## Acts in Furtherance of the Scheme to Defraud

12. From on or about June 26, 2015 through November 2, 2019, SILER forged E.C.'s signature on 15 checks for the -9408 account as described below:

| Date | Check # | Amount | Description |
|---|---|---|---|
| 6/26/2015 | 7682 | $1,100.00 | No information available. |
| 7/24/2015 | 7684 | $1,700.00 | No information available. |

| | | | |
|---|---|---|---|
| 9/5/2015 | 7685 | $125.00 | No information available. |
| 10/2/2015 | 7686 | $1,800.00 | No information available. |
| 9/21/2016 | 7687 | $1,134.06 | Payable to National Grid with memo for "76574-66000" |
| 3/28/2017 | 7689 | $153.38 | Payable to Town of Weymouth Water and Sewer with memo for "water sewer 24-4252" |
| 5/14/2017 | 7690 | $50.00 | Transfer to the -0726 account |
| 5/31/2017 | 7691 | $198.00 | Payable to Town of Weymouth Water and Sewer with memo for "Account #24-4252" |
| 7/1/2017 | 7692 | $7,000.00 | Payable to SILER with memo for "House Repair" |
| 7/3/2017 | 7693 | $1,203.00 | Payable to National Grid with memo for "76574-66000" |
| 9/14/2017 | 7694 | $5,700.00 | Payable to SILER with memo for "Home Repairs" |
| 11/4/2017 | 7695 | $1,000.00 | Payable to SILER with memo for "Bills" |
| 11/21/2017 | 7696 | $1,300.00 | Payable to SILER with memo for "House Repair" |
| 4/20/2018 | 7697 | $100.00 | Transfer to the -0726 account |
| 11/2/2019 | 7699 | $4,400.00 | Payable to SILER with memo for "First, Last" |

13.     From on or about July 30, 2015 through September 8, 2020, SILER regularly made purchases and transactions with E.C.'s debit card, including at department stores, convenience stores, fast food restaurants, dollar stores, pharmacies, liquor stores, and grocery stores located in Massachusetts.

14.     In or about February 2018, SILER changed the mailing address for E.C. with Bank of America to a P.O. Box controlled by SILER.

## COUNT ONE
### (Bank Fraud – 18 U.S.C. § 1344)

The United States Attorney charges:

15. The United States Attorney re-alleges and incorporates by reference paragraphs 1-14 of this Information.

16. From on or about June 1, 2015, through September 8, 2020, in the District of Massachusetts, the defendant,

### DEBORA A. SILER,

knowingly executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution, that is, Bank of America, and to obtain money and funds owned by and under the custody and control of Bank of America, by means of false and fraudulent pretenses, representations, and promises, forging checks and using a debit card in the name of E.C., the deceased signatory, debit card holder, and owner of a Bank of America account ending in -9408, in order to spend approximately $61,685.13.

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

The United States Attorney further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count One, the defendant,

DEBORA A. SILER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, the following:

    a. $61,685.13, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

                    LEAH B. FOLEY
                    UNITED STATES ATTORNEY

By: _____
     JAMES J. NAGELBERG
     Special Assistant United States Attorney

July 15, 2025